WILLIARD C. HARDY, executor, & others, *vs.* ELIZABETH B. SANBORN & others.

Essex.    November 1, 1898. — January 6, 1899.

Present: FIELD, C. J., HOLMES, LATHROP, BARKER, & HAMMOND, JJ.

*Will — Executor — Sale of Real Estate — Equity — Fraud — Debts and Charges of Administration.*

Where, within a year after the proving of a will which gives the widow the "use, income, and improvement of all" the real property "with the right to sell any or all of the same during her natural life," and at her decease gives the same to certain devisees, a sale and conveyance of all the realty are made by her in good faith and for a valuable consideration, and by the terms of the deed the grantee claims thereunder subject to the rights of the executor as such, a bill in equity brought by the executor and devisees, the former contending that the sale is a cloud upon his title as executor, since he needs to make a sale of the land for the payment of debts and charges of administration, and the latter that it constitutes a fraud upon their rights, must be dismissed.

BILL IN EQUITY, by Williard C. Hardy, executor of the will of William N. Sanborn, and Addie .M. Hardy and Susan A. Poore, two of the devisees thereunder, against the widow of the testator and others, praying that a deed given by the widow, within a year after the proving of the will, of all the testator's real estate, might be decreed to be a fraud on the rights of the plaintiffs, that the grantee reconvey the same to the executor, and that the grantee be enjoined from conveying .the same to any one else.

To the widow the testator gave by his will the " use, income, and improvement of all my property, real, personal, and mixed, with the right to sell any or all of the same during her natural· life," and· at her decease he gave the same to certain devisees and legatees.

Trial in the Superior Court, before *Braley,* J., who reported

the case for the determination of this court. The facts appear in the opinion.

*H. J. Cole*, for the plaintiffs.

*H. P. Moulton*, (*R. E. Burke* with him,) for the defendants.

HAMMOND, J. By the first item of the will, Elizabeth B. Sanborn, the widow, took a life estate in the real estate of the testator, coupled with the power to sell any or all of the same in fee. We assume, without deciding, that the power of sale does not give her an absolute right to all of the proceeds of such sale.

It is contended by the plaintiff Williard C. Hardy that the sale by Mrs. Sanborn is a cloud upon his title as executor of the will, since he needs to make a sale of the land for the payment of the debts and charges of administration of the estate of the testator; and by the plaintiffs Addie M. Hardy and Susan A. Poore that the sale constitutes a fraud upon their rights.

So far as the executor is concerned, any sale of the real estate by a devisee under the will is subject to his right to sell or mortgage under a license of the Probate Court for the payment of debts and charges of administration, and the deed to William N. Sanborn, Jr. shows upon its face that it is made subject to this right. The grantor states therein that her title "is derived by will of" her "deceased husband," and she covenants that the land is free from all encumbrances "except the lawful debts of my [her] deceased husband." It does not appear that the land is held adversely by the grantee, and he is therefore presumed to hold under the terms of his deed. So far, therefore, as the executor is concerned, there does not seem to be any need of this bill. The deed, under the circumstances, is no cloud upon the right of the executor to sell or mortgage by virtue of a license from the Probate Court.

While the answers to the bill affirm the right of the grantor to make the conveyance, they must be interpreted as meaning a conveyance such as this was, namely, subject to these rights of the executor. Whether the sale upon the assumption we have made is a fraud upon the rights of the other plaintiffs depends upon the character and circumstances of the transaction. The bill alleges that "the conveyance was made without any necessity therefor, and the sole motive therefor was to defraud the

plaintiffs Addie M. Hardy and Susan A. Poore of the real estate devised to them by the will."

But we do not think these allegations of the bill are sustained by the evidence. The evidence shows that the sale was made under the power in the will, and that Sanborn, the grantee, has made arrangements to pay the appraised value of the property; to wit, $1,400, less the debts and charges of administration; and that he is ready and willing to pay that sum, and also the debts and charges of administration. The sale was made under the power given in the will, for a sufficient pecuniary consideration and in good faith. The bill therefore should be dismissed, with costs.                          *So ordered.*